CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

EMILY R. DAHLKE (CABN 322196)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
FAX: (510) 637-3724
Emily.Dahlke@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID LEIGH COOK,<br><br>Defendant. | **CASE NO. 4:26-cr-00135-YGR-1**<br><br>**DETENTION ORDER** |

On March 26, 2026, defendant David Leigh Cook was charged by indictment with being a felon in possession of firearms and ammunition, in violation of Title 18, United States Code section 922(g)(1).

This matter came before the Court on July 29, 2026, on Defendant's motion to re-open the detention hearing, based on changed circumstances involving Defendant's medical status. The defendant was present and represented by John Jordan. Assistant United States Attorney Emily Dahlke appeared for the government. The government opposed Defendant's motion for release. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion: first, the proffer provided by defendant regarding his 2019 federal gun conviction partially assuaged the Court's original concern regarding that conviction and the defendant's ability to be released into the public, the fact remains that Mr. Cook never should have possessed the firearm at the time of the incident. Regardless, given the nature of the instant conduct, including that the defendant maintained firearms and ammunition both in his residence and in the community at various points in time since his first felony conviction and that he was fraudulently working as a security guard; the defendant's criminal history, including the current investigation by state prosecutors, the defendant's lack of compliance on federal supervision, as well as on state parole, probation, and pre-trial release and the defendant's pattern of deceit and fraud, the Court found that no conditions could reasonably assure the safety of the public.

With respect to the defendant's argument regarding his need for surgery, nothing about the proposed elective, laparoscopic procedure suggests the need for release pending the surgery. Such procedures can and do occur for individuals in custody. Nothing in the medical documentation or other medical information supplied by defendant's counsel suggest that undergoing the procedure while in custody will unreasonably expose him to infection, as defendant contends. Additionally, information proffered by the Marshals Service confirmed the logistical feasibility of the procedure. Nor do defendant's additional proffered arguments regarding his health issues relating to high blood pressure or sleep apnea change the outcome, as none of these bases for release were supported in any way by a proffer derived from a competent medical authority.

Accordingly, the defendant must be detained pending trial in this matter.

This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving

sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: July 31, 2026

HONORABLE AJAY KRISHNAN
United States Magistrate Judge